**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

M.B.D.,                                          :
                                                 :
                    Petitioner,                  :
                                                 :
v.                                               :        Case No. 4:26-cv-220-CDL-ALS
                                                 :
Warden, STEWART DETENTION                        :
CENTER, *et al.*,                                :
                                                 :
                    Respondents.                 :
_____

**ORDER FOR SUPPLEMENTAL BRIEFING**

Pending before the Court are Respondents' Motion to Dismiss and Petitioner's response thereto. (ECF Nos. 7, 11). In relevant part, Respondents argue that Petitioner cannot state a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because, according to Respondents, Petitioner has not met his burden to present evidence showing that his removal is not significantly likely in the reasonably foreseeable future, and even if he had, Respondents contend they have met their burden to show that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. (ECF no. 7, at 14-16). In support of their contention, Respondents submit the Declaration of Supervisory Detention and Deportation Officer Stephens. (ECF No. 7-1). In response, Petitioner submitted his own Declaration. (ECF No. 11-1). Having considered the competing Declarations, the Court finds that supplemental briefing is necessary to resolve the question whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.

Accordingly, the Parties are each **ORDERED** to address, in full with supporting documentation as appropriate to the respective response, the following:

What efforts at removal, if any, have Respondents attempted since the December 11, 2025 email to HQ RIO? (ECF No. 7-1, at 2). Respondents are **DIRECTED** to submit substantiating documentation, if any, in support of their response to this question.

Petitioner alleges that he has repeatedly been informed by Chinese officials that, because he lacks a passport, national identity card, or residency card, he is unable to prove his citizenship. (ECF No. 11-1, at 3). Further, Petitioner alleges that he was released from detention on an Order of Supervision in or around 2014 precisely because Respondents were unable to obtain travel documents for Petitioner from China. *Id.* Respondents are **DIRECTED** to address Petitioner's allegations and explain, if those allegations are true, how the absence of such documentation would affect their ability to remove Petitioner to China, and how they plan to carry out that removal, particularly given that Respondents were previously unable to secure Chinese travel documents for Petitioner.

Respondents shall submit their responses within **TWENTY (21) DAYS** of the date of this Order. Thereafter, Petitioner shall submit his responses within **fourteen (14) days** of Respondents' response filing, failing which the Court will presume Respondents' responses uncontested and correct. Respondents may, if they choose to do so, file any desired reply within seven (7) days of Petitioner's response filing. At the conclusion of briefing, the Court will determine whether an evidentiary hearing is necessary.

**SO ORDERED**, this 16th day of April, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

2